# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARVIN BROWN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:12-cv-1917-AKK** |
| **UMWA 1985 CONSTRUCTION** ) | |
| **WORKER'S PENSION PLAN, et** ) | |
| **al.,** ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Despite the prohibition against litigating issues already decided by a court of competent jurisdiction, *pro se* Plaintiff Marvin Brown attempts to do just that by refiling the same case this court previously dismissed on a motion for summary judgment. Mr. Brown takes issue with the earlier decision because "the court dismissed [his] complaint without giving [him] a hearing or [his] day in court." Doc. 16 at 3. Accordingly, Mr. Brown brings the same claims against the same parties and asks for a second review of his case. *See* docs. 1, 16, 22. The court cannot do so. As to Mr. Brown's contention that the court never gave him a "day in court," an opportunity to be heard does not necessarily involve a physical appearance before a judge. Rather, it involves the court's careful consideration of

the parties claims. The court did so in this case. In fact, two judges reviewed Mr. Brown's claim - a magistrate who made a report and recommendation and a district court who reviewed the report and made the final decision to dismiss Mr. Brown's claims. *See Brown v. Trustees of the UMWA 1985 Construction Workers Pension Plan*, No. 2:10-cv-554-PWG, doc. 33 (magistrate judge's findings and recommendations April 22, 2011) and No. 2:10-cv-554-SLB, doc. 38 (N.D. Ala. Sept. 12, 2011). In other words, contrary to Mr. Brown's contentions, he indeed had his day in court. *See Olsen v. Muskegon Piston Ring Co.*, 117 F.2d 163, 165 (6th Cir. 1941) ("The right to a day in court means not the actual presentation of the case, but the right to be duly cited to appear and to be afforded an opportunity to be heard.").

To no surprise since Mr. Brown had his day in court, Defendants, the Trustees of the United Mine Workers Association ("UMWA") 1985 Construction Workers Pension Plan ("Pension Plan") which include Robert E. Nagle, Elmo S. Hurst, Donald T. Barnett, and the Pension Administrator, Becky Lanham, (collectively, the "Defendants") seek to dismiss Brown's Second Amended Complaint. Doc. 24. The motion is fully briefed and ripe for review. Docs. 25, 31. Because the doctrine of res judicata applies, the court **GRANTS** Defendants' motions to dismiss.

### I.   STANDARD OF REVIEW

The court construes Defendants' motion to dismiss as a motion for summary judgment.[1]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id*. at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial."  *Id*. at 324 (citation and internal quotation marks omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

---

[1]In their motion, Defendants raised the defense of res judicata and supported their motion with copies of record excerpts from the prior proceeding.  In the context of res judicata, where the court considers records from the prior proceeding, the court may treat a Rule 12(b) motion as one for summary judgment. *See Concordia v. Bendekovic,* 693 F.2d 1073, 1075 (11th Cir. 1982); *Jones v. Gann,* 703 F.2d 513, 515 (11th Cir. 1983). Construing the motion as one for summary judgment allows the court to consider matters outside the pleadings. FED. R. CIV. P. 12(b); 56. However, doing so is a mere formality in this case because "[d]ismissal by the court sua sponte on res judicata grounds ... is permissible in the interest of judicial economy where both actions were brought before the same court." *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir. 1980).

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party.  *Id*.  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (*per curiam*) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560,1563 (11th Cir. 1989)).

Brown proceeds in this case *pro se* – that is, without an attorney – thus the court must construe his pleadings liberally.  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).  However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Indeed, "[o]nce a *pro se* litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure."  *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  Therefore, while the court construes Brown's pleadings liberally, the court may not wholly disregard the federal pleading standards and standard of review.  *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Smith*, 369 F. App'x at 38.

    II.    **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Brown filed this action against the Trustees of the 1985 Pension Plan and Pension administrator, Becky Lanham, alleging breach of contract under the

Pension Plan agreement.  Doc. 1, 16.  While Brown does not specifically say so, this court construes Brown's action to allege his claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), giving the court subject matter jurisdiction over his case.  Section 502 of ERISA creates a civil cause of action for participants and beneficiaries of plans covered by ERISA to recover benefits or enforce rights under the ERISA plan.  *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010).  This section "converts an ordinary state common law complaint into one stating a federal claim" over which a federal court may assume jurisdiction.  *Id*. (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

The UMWA 1985 Pension Plan at issue here is a multi-employer, defined pension fund subject to ERISA.  *See* ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. § 1102(37), 1301(a)(3); *cf. Green v. Holland*, 480 F.3d 1216, 1219 (11th Cir. 2007) and *Harrison v. United Mine Workers of Amer. 1974 Ben. Plan & Trust*, 941 F.2d 1190, 1193 (11th Cir. 1991) (both recognizing that the 1974 Plan is subject to ERISA).  Brown seeks recovery of pension benefits he contends he is entitled to under the 1985 Pension Plan.  Specifically, Brown asserts that he is "due a refund of $20,084.65 that the 1985 pension plan took from [him] in case 10 PWG 554-S, without giving me my date in court," and that "[e]ven after case 10 PWG 554-S, [the pension administrator, Becky Lanham], still did not do the right thing and pay me my right amount of money that I earned and give me my right amount of years and pay me the right amount of back money I had coming."  Doc. 16 at 2.   Brown

also contends that the defendants owe him $67,830.00, and that the "money that is being withheld is the same money that [Brown] filed a complaint on (pension supplement money) in case 10 PWG-554-S on August 18, 2010. But the court dismissed [Brown's] complaint without giving [him] a hearing or [his] day in court." *Id.* at 3.

The "10 PWG-554-S" case Brown refers to is *Brown v. Trustees of the UMWA 1985 Construction Workers Pension Plan*, No. 2:10-cv-554-PWG, doc. 33 (magistrate judge's findings and recommendations April 22, 2011) and No. 2:10-cv-554-SLB, doc. 38 (N.D. Ala. Sept. 12, 2011) (together, "*Brown I*"), which Brown initiated against the Trustees of the UMWA 1985 Construction Workers Pension Plan. In *Brown I*, Brown pursued breach of contract and negligence claims in an attempt to restore his pension benefits under the 1985 pension plan. *Brown*, No. 2:10-cv-554-PWG, doc. 33 at *12. The court granted the Defendants' motion for summary judgment and denied Brown's cross motion for summary judgment and his motion for an injunction. *Brown*, No. 2:10-cv-554-SLB, doc. 38 at *2.

### III.   ANALYSIS

While Brown has the right to disagree with the decision to grant summary judgment in his first case, his proper course to voice his disagreement was to challenge that decision on appeal. He simply cannot seek to relitigate the same issue by filing another lawsuit because the doctrine of res judicata, or claim preclusion, "'will bar a subsequent action if: (1) the prior decision was rendered by

a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Jang v. United Techs. Corp.,* 206 F.3d 1147, 1149 (11th Cir. 2000) (quoting *Israel Disc. Bank, Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir. 1992)). This bar pertains not only to claims that were raised in the prior action, *see id.,* but also to claims that could have been raised previously. *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1271 (11th Cir. 2002). In determining whether the prior and present causes of action are the same, the court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1297 (11th Cir. 2001) (quotation omitted), *cert. denied, TDY Indus., Inc. v. Kaiser Aerospace & Elec. Corp.,* 534 U.S. 827, 122 S. Ct. 66, 151 L. Ed. 2d 33 (2001).

     Defendants have established the necessary elements for res judicata. First, this same court rendered the decision in *Brown I,* and the court's jurisdiction was proper because Brown raised the claims in that case under ERISA. *Brown*, No. 2:10-cv-554-PWG, doc. 33 at *16. Second, the decision in *Brown I* granting summary judgment was a final judgment on the merits since it disposed of that case in its entirety. *Brown*, No. 2:10-cv-554-SLB, doc. 38 at *4. Third, regarding the "same parties" prong, in addition to the Trustees of the UMWA 1985 Construction Worker's Pension Plan, who are the same Defendants in both suits, here, Brown has also named the Pension Administrator, Becky Lanham. *See* doc.

22; *Brown*, No. 2:10-cv-554-SLB.  However, the allegations against Lanham are in her capacity as the administrator of the Pension as related to the Pension's denial of additional benefits to Brown.  *See* doc. 16, 22.  In fact, Brown seeks no specific recovery from Lanham, and instead seeks recovery from the Pension itself.  *See id.*  Moreover, as administrator of the Pension, Lanham is in privity with the Trustees of the Pension.  Therefore, the court finds that the parties are essentially the same in both suits.  Finally, the court finds that the two causes of action arise "out of the same nucleus of operative fact," *see In re Piper Aircraft Corp.,* 244 F.3d 1289, 1297 (11th Cir. 2001), because in both cases Brown alleges breach of contract and seeks recovery of pension money owed to him under the Pension Plan.  *See* doc. 22; *Brown*, No. 2:10-cv-554-SLB.  Based on these findings, the present action is barred by res judicata.

## IV.  CONCLUSION

In short, Brown's Amended Complaint maintains no viable right to relief against Defendants.  As a result, the court **GRANTS** the Defendants' motions to dismiss, doc. 24, and Brown's Second Amended Complaint is hereby **DISMISSED with prejudice**.  The court will enter a separate Order, consistent with this Memorandum Opinion, dismissing this action.

**Done** the 18th day of October, 2012.

                                                    _____
                                                    **ABDUL K. KALLON**
                                                    UNITED STATES DISTRICT JUDGE